IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

06 DEC -4 PM 2:42

OFFICE OF THE CLERK

| | |
|---|---|
| JAMES H. SHELTON, ) | CASE NO. 8:06CV738 |
| Plaintiff, ) | |
| vs. ) | **COMPLAINT** |
| UNITED STATES OF AMERICA - ) DEPARTMENT OF VETERANS ) AFFAIRS, ) | |
| Defendant. ) | |

The plaintiff, James H. Shelton, states as follows:

1. Jurisdiction in this matter is based upon 28 U.S.C. §1345(b) and 28 U.S.C. §§2671.2680, commonly known as the Federal Tort Claims Act.

2. As required by statute, James H. Shelton (hereinafter sometimes referred to as "plaintiff"), presented his claim on behalf of himself on Standard Form 95 with the defendant by mailing this claim to the Department of Veterans Affairs Medical Center, 4101 Woolworth Ave., Omaha, NE 68105 on February 24, 2006. The claim was received on February 28, 2006 and was assigned the claim number GCL-6570-50598. A copy of the claim and acknowledgement and receipt thereof are attached hereto as Exhibit 1 and incorporated herein by reference.

3. The Department of Veterans Affairs has neither allowed nor denied the claim within six months of receipt of the claim, and plaintiff therefore is authorized to file this action.

4.  Plaintiff is a resident of Omaha, Douglas County, Nebraska.  At all times relevant to this action, the plaintiff was and is a citizen of the United States.  At all times relevant to this action, the plaintiff was not a member of the Armed Forces of the United States of America.

5.  On December 9, 2004, plaintiff was a patient at the Veterans Administration Hospital in Omaha, Douglas County, Nebraska (hereinafter "V.A.").

6.  Sometime between December 9, 2004 and December 13, 2004, medical personnel employed by the V.A. inserted an IV into plaintiff's left foot.  After the insertion of this IV, plaintiff was administered potassium chloride.  During the period of time that the potassium chloride was being administered to the plaintiff through the IV located in his left foot, the potassium chloride infiltrated into the subcutaneous tissue of the plaintiff.  Plaintiff alleges that this infiltration occurred on or about December 13, 2004.

7.  As a result of the IV infiltrate of the subcutaneous potassium chloride into the left foot of plaintiff, he developed necrosis of the superficial layers of tissue on his left ankle on the anterior surface of his left foot.

8.  Plaintiff continued to receive medical care and treatment for the necrotic condition of his left foot, ankle and leg.  Despite this care, plaintiff's left leg could not be

salvaged. Plaintiff underwent an amputation of his left leg below the knee. This operative procedure was performed by medical personnel employed by the V.A.

9. The agents and employees of the defendant V.A. were negligent in their care and treatment of the plaintiff in each and all of the following respects:

    a) In inserting an IV in the left ankle of the plaintiff;

    b) In failing to monitor the site of the IV;

    c) In failing to earlier diagnose and treat the IV infiltrate of the potassium chloride;

    d) In failing to properly care for and treat James Shelton while he was a patient at the V.A. from December 9, 2004 through December 14, 2004.

10. As a direct and proximate result of the negligence of the agents and employees of the defendant V.A., the plaintiff sustained the following by way of damages:

    a) amputation of his left leg below the knee;

    b) physical pain and suffering in the past, and it is reasonably certain he will sustain physical pain and suffering for an indefinite period of time in the future;

    c) medical bills in the past, and it is reasonably certainly he will sustain medical bills for an indefinite period of time in the future;

    d) permanent injury;

    e) permanent disability;

    f) loss of income in the past, and it is reasonably certain he will sustain a loss of income for an indefinite period of time in the future;

g)  permanent impairment of his earning capacity.

WHEREFORE, plaintiff prays for judgment against the defendant as follows:

A)  For special damages, general damages, together with costs of this action; and

B)  For other damages that are reasonable and proper.

JAMES H. SHELTON, Plaintiff

By: _____
E. Terry Sibbernsen #13826
Andrew D. Sibbernsen #22969
SIBBERNSEN & STRIGENZ, P.C.
1111 N.102nd Court, #330
Omaha, NE  68114
(402) 493-7221

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Prepare in ink or typewriter. Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. | OM and B Approval No. 80-R111 |
|---|---|---|

| 1. SUBMIT TO: Dept. of Veterans Affairs Medical Center 4101 WOOLWORTH AVE. OMAHA, NE 68105 | 2. NAME AND ADDRESS OF CLAIMANT (Number, street, city, State, and Zip Code) James H. Shelton 822 S.49th St. Omaha, NE 68106 |
|---|---|

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. AGE 59 | 5. MARITAL STATUS Married | 6. NAME AND ADDRESS OF SPOUSE, IF ANY (Number, street, city, State, and Zip Code) Chris Shelton 822 S.49th St. Omaha, NE68106 |
|---|---|---|---|

| 7. PLACE OF ACCIDENT (Give city or town and State; if outside city limits, indicate mileage or distance to nearest city or town) Dept. of Veterans Affairs Medical Center | 8. DATE AND DAY OF ACCIDENT 12/13/04 & 12/14/04 | 9. TIME (A.M OR P.M) exact time unknown |
|---|---|---|

10. AMOUNT OF CLAIM (in dollars)

| A. PROPERTY DAMAGE | B. PERSONAL INJURY $2,000,000.00 | C. WRONGFUL DEATH | D. TOTAL $2,000,000.00 |
|---|---|---|---|

11. DESCRIPTION OF ACCIDENT (State below, in detail, all known facts and circumstances attending the damage, injury, or death, identifying persons and property involved and the cause thereof)

On or about December 13, 2004, James H. Shelton was a patient at Veterans Administration Hospital in Omaha, Nebraska. On that date, an I.V. was placed in the left foot of James Shelton. After the insertion of the I.V., James Shelton was administered potassium chloride. This I.V. infiltrated and this potassium chloride, for an extended period of time, infiltrated into the muscle tissue of James Shelton. Subsequently, James Shelton was treated for left ankle skin necrosis due to this infiltration. Despite therapy for this injury to his left ankle, his left leg could not be saved and he underwent (cont.) on separate page)

12. PROPERTY DAMAGE
NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

BRIEFLY DESCRIBE KIND AND LOCATION OF PROPERTY AND NATURE AND EXTENT OF DAMAGE (See instructions on reverse side for method of substantiating claim)

13. PERSONAL INJURY
STATE NATURE AND EXTENT OF INJURY WHICH FORMS THE BASIS OF THIS CLAIM

James H. Shelton had to undergo a below-the-knee amputation of his left leg.

14. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Gale Etherton, M.D. | VA NE-W IA-Internal Medicine, 4101 Woolworth Ave., Omaha, NE 68105-1873 |
| Nurses & health care providers at V.A. Medical Center | VA Medical Center, 4101 Woolworth Ave., Omaha, NE 68105 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 15. SIGNATURE OF CLAIMANT (This signature should be used in all future correspondence) *James Hugh Shelton* | 16. DATE OF CLAIM 1/9/06 |
|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See R.S. §3490, 5438; 31 U.S.C. 231.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 62 Stat. 698, 749; 18 U.S.C. 287, 1001.) |

GENERAL SERVICES ADMINISTRATION-FPMR 101-11.8
95-105

STANDARD FORM 95
REVISED FEBRUARY 1971
GSA FPMR 101-11.8

## INSTRUCTIONS

### Complete all items—Insert the word NONE where applicable

Claims for damage to or for loss or destruction of property, or for personal injury, must be signed by the owner of the property damaged or lost or the injured person. If, by reason of death, other disability or for reasons deemed satisfactory by the Government, the foregoing requirement cannot be fulfilled, the claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing authority to act.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 10 of this form. Separate claims for personal injury and property damage are not acceptable.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically reparable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

Any further instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side.

### INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

17. DO YOU CARRY ACCIDENT INSURANCE? ☐ YES, IF YES, GIVE NAME AND ADDRESS OF INSURANCE COMPANY (*Number, street, city, State, and Zip Code*) AND POLICY NUMBER. ☒ NO

| 18. HAVE YOU FILED CLAIM ON YOUR INSURANCE CARRIER IN THIS INSTANCE, AND IF SO, IS IT FULL COVERAGE OR DEDUCTIBLE?<br><br>n/a | 19. IF DEDUCTIBLE, STATE AMOUNT<br><br>n/a |
|---|---|

20. IF CLAIM HAS BEEN FILED WITH YOUR CARRIER, WHAT ACTION HAS YOUR INSURER TAKEN OR PROPOSES TO TAKE WITH REFERENCE TO YOUR CLAIM? (*It is necessary that you ascertain these facts*)

n/a

21. DO YOU CARRY PUBLIC LIABILITY AND PROPERTY DAMAGE INSURANCE? ☐ YES, IF YES, GIVE NAME AND ADDRESS OF INSURANCE CARRIER (*Number, street, city, State, and Zip Code*) ☒ NO

No. 11 (continued)

a below-the knee amputation of his left leg.  The nurses and other health care providers who inserted the I.V. and who were responsible for monitoring this I.V. were negligent in their care and treatment of James Shelton.

---

**U.S. Postal Service**

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X  Stephen P. Walls   ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery  2-28-6 |
| 1. Article Addressed to:<br>Dept. of Veterans Affairs<br>Medical Center<br>4101 Woolworth Ave.<br>Omaha NE 68105 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) | 7005 1160 0001 1532 0194 |

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540



**Department of Veterans Affairs**
**St. Louis Regional Counsel - Omaha Office**
**4101 Woolworth Avenue**
**Omaha, NE 68105**

(402) 346-8800, Ext. 3430
Facsimile: (402) 977-5673

March 22, 2006

In Reply Refer To: GCL-657O-50598

Sibbersen & Strigenz, P.C.
1111 N. 102nd Court, Suite 330
Omaha, Nebraska 68114

SUBJ: Administrative Tort Claim
Veteran/Claimant: James Shelton

Dear Sirs:

This letter is in reference to the claim that was filed by James Shelton with the Department of Veterans Affairs (VA) in the amount of $2,000,000.00, and which was received in an envelope from your firm. Mr. Shelton alleges that while a patient of the VA Medical Center in Omaha, Nebraska he received intravenous potassium chloride in his left foot, which infiltrated into the muscle tissue resulting in left ankle skin necrosis that required a below-the-knee amputation of his left leg.

If your firm will be representing Mr. Shelton concerning this claim please submit evidence of your authority to do so. Assuming that you are authorized to represent Mr. Shelton in this matter, I request the following information in accordance with 38 CFR 14.616:

1. A complete written report by Mr. Shelton's physician, if other than VA personnel, setting forth the nature and extent of treatment, any degree of temporary or permanent disability, the prognosis, period of hospitalization, if any, and any diminished earning capacity.

2. Copies of all medical records for non-VA care related to this claim, and bills therefore.

3. If the prognosis indicates the necessity for future private medical care, please submit a statement of expected expenses for such treatment.

4. If claim is being made for loss of time from employment, nature of employment or occupation, a written statement from Mr. Shelton's employer showing actual time lost from employment, whether you are a full-time or part-time employee, wages or salary actually lost, and a copy of last year's federal income tax return.

5. If claim is being made for loss of income and Mr. Shelton is self-employed, please state the nature of employment or occupation, and provide documentary evidence showing the amount of earnings actually lost and a copy of last year's federal income tax return.

6. If claim is being made for loss of consortium, please provide elements of damages thereunder and applicable documentation.

7. Any exceptional circumstances bearing on the amount claimed.

Under the Federal Tort Claims Act, the government is allowed six (6) months to administratively investigate these claims; after that the claimant may file suit. If the claim is denied by the government, suit must be filed within six (6) months or the suit will be barred.

Please be aware that 28 U.S.C. section 2678 prohibits an attorney fee in excess of *20%* of any award, compromise, or settlement of an administrative claim filed pursuant to the Federal Tort Claims Act and further limits attorney fees to *25%* following the filing of a lawsuit.

Finally, please advise us if we may interview Mr. Shelton in connection with this pending administrative tort claim. If so, please provide us with information as to possible dates, times and locations for such interview.

You may call the undersigned at (402) 346-8800, extension 3430 if you have any questions.

Sincerely yours,


J. PATRICK WIESE
Regional Counsel


BY: *Paul L. Pullum*
PAUL L. PULLUM
Attorney